IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tanya Mayle,

    Plaintiff,

  v.                            Case No. 2:18-cv-1770

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff Tanya Mayle brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. In a decision rendered on April 9, 2018, the ALJ found that plaintiff has a severe impairment, specifically, anxiety disorder. R. 45. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform a full range of physical work, but with the following nonexertional limitations:

> [T]he claimant can understand, remember, and carry out simple, repetitive tasks; is able to respond appropriately to coworkers and supervisors; in a task oriented setting with no public contact, and occasional contact with coworkers. Furthermore, the claimant is able to adapt to simple changes and avoid hazards, in a setting without strict production quotas.

R. 47-48. Relying on the testimony of a vocational expert, the ALJ concluded that there are jobs which plaintiff can perform and that plaintiff is not disabled. R. 55-56.

This matter is before the court for consideration of plaintiff's March 3, 2020, objections to the February 18, 2020, report and recommendation of the magistrate judge, recommending

that the decision of the Commissioner be affirmed. The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff objects to the conclusions of the magistrate judge that the ALJ properly evaluated the opinions of the medical experts

and adequately explained why he did not incorporate all of the limitations proposed by those experts into plaintiff's RFC. The court agrees with the analysis of the magistrate judge.

The medical evidence in question consisted of reports from two consulting, non-treating psychologists, Dr. Steven Meyer, Ph.D., and Dr. Nicholaas Dubbeling, Ph.D., and state-agency psychologists Kristen Haskins, Psy.D. and Patricia Kirwin, Ph.D. Although the ALJ must provide some explanation of the weight given to the opinions of consultative examiners and state-agency reviewers, *see* 20 C.F.R. §404.1527(f), he was not obligated to give "good reasons" for the weight he assigned. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

In making the RFC determination, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). However, the ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). An ALJ's decision to give weight to medical opinion evidence does not require the ALJ to incorporate every restriction proposed by the medical source. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436 (6th Cir. 2014). However, if the ALJ accepts a medical opinion but does not include a restriction recommended by that expert in the RFC, the ALJ must explain why he did not do so. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "Discretion is vested in the ALJ to weigh all the evidence." *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 668 (6th Cir. 2009). A reviewing

3

court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

The ALJ discussed Dr. Meyer's report of his December 30, 2015, consultative examination of the plaintiff, to which the ALJ assigned some weight. Dr. Meyer noted that although plaintiff spoke in a soft and shaky voice in an insecure manner with a moderately anxious mood, she had the cognitive capacity to understand, remember, and carry out simple and moderately complex, routine instructions and tasks, with oral and hands-on assistance and supervision as needed, and would be able to perform adequately in a setting without strict production requirements. R. 49 (citing Ex. 5F).

Dr. Meyer further noted that plaintiff would not be able to manage the social demands of a competitive work setting, be able to withstand the stress of a competitive work setting, or be able to make changes independently without increased symptoms and deterioration. R. 49. However, the ALJ adequately explained why he did not accept these additional limitations discussed by Dr. Meyer. As the ALJ noted, Dr. Meyer qualified that portion of his report with the statement "if collateral information from other sources is consistent with her presentation today." R. 53. The ALJ concluded that the objective record did not support the level of dysfunction noted by Dr. Meyer. The ALJ remarked that plaintiff's treatment records reflected that: there were no positive findings on mental examination; anxiety symptoms consistently improved with medication and therapy; there was no evidence of decompensation or emergency treatment; and plaintiff's

4

daily activities included cooking and cleaning for her ailing parents and managing her own personal needs. R. 53. The ALJ further noted that the state-agency consultants opined that Dr. Meyer's opinion was an overestimation of the severity of plaintiff's restrictions based only on a snapshot of plaintiff's functioning. R. 53.

The ALJ also discussed the November 27, 2017, report of Dr. Dubbeling. R. 51. Dr. Dubbeling concluded that plaintiff's intellectual functioning scores precluded her from competitive employment. The ALJ assigned little weight to this opinion, noting that none of plaintiff's IQ scores fell within the sub-70 range generally associated with sub-average intellectual function; that plaintiff was able to complete her high school course work (although she did not graduate due to standardized testing scores); and that plaintiff obtained a driver's license and meaningfully participated in her own care as well as the care of her ailing parents. R. 53. The ALJ also noted that Dr. Dubbeling failed to identify objective evidence of significant deficits in plaintiff's current adaptive functioning, and that his conclusory opinion of plaintiff's inability to work intruded on an issue reserved to the Commissioner. *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)(the determination of whether a claimant is able to work is reserved to the Commissioner).

The ALJ discussed the January 13, 2016, and March 23, 2016, reports of the state-agency consultants concerning their review of plaintiff's medical records. The ALJ noted that Dr. Haskins' conclusions that plaintiff: was able to follow conversation and to remember, understand and carry out simple to moderately complex instruction; would need a work area separate from others to enhance

5

focus, with intermittent supervision to ensure that she was working towards desired production and quality goals; would need occasional flexibility with changing scheduled shifts and breaks when experiencing increased periods of symptoms, in an environment with minimal and superficial interaction with coworkers and supervisors; would require rare, superficial interaction with the public; and would need explanation in advance and time to adjust to major changes in a set work routine. R. 52. Dr. Kirwin affirmed Dr. Haskins' initial assessment, but concluded that plaintiff is able to perform one-to-three step tasks with no high pace or high production quotas. R. 52.

The ALJ assigned some weight to these opinions. R. 52. The ALJ concluded that plaintiff was capable of simple, repetitive tasks, that she should have no contact with the public and only occasional contact with coworkers, and that she could adapt to simple changes in a setting without strict production quotas. However, he found no support in the record for the requirements of a separate work area, additional supervision, flexibility for shifts or breaks, or the need for advanced explanation of or adjustment time for changes in work routine. R. 52. The ALJ noted that although plaintiff had been treated for anxiety with a history of difficulty with interaction, the record showed that she had improved with treatment, that she was able to go out regularly with her friend and others from a partial hospitalization group, and that she adjusted to changes in treatment providers with no significant disruptions in her participation in treatment. The ALJ further commented that the terms "minimal," 'superficial," and "rare" used to describe plaintiff's social function limitations did not usefully describe plaintiff's social function limitations. R.

6

52.

By way of further explanation as to how he formulated plaintiff's RFC, the ALJ also discussed plaintiff's mental health treatment records at length. The ALJ noted that plaintiff began outpatient mental health treatment in August of 2015, with reported anxiety and social phobia and a restricted affect but otherwise unremarkable mental status examination, and medication management was ordered. R. 48. Exam notes in October, 2015, reported a less anxious mood and some restriction in affect. R. 48. From November, 2015, through January, 2016, plaintiff went on outings accompanied by her counselor to improve her ability to leave her home without fear. Plaintiff was upbeat and required minimal assistance. R. 49. An instance of timidity and a little anxiety was noted in February, 2016, but plaintiff continued to show a normal mood, affect and behavior through April of 2016. R. 49.

The ALJ observed that in May, 2016, plaintiff reported doing better with medication and began attending support group meetings. R. 49. Plaintiff reported in August, 2015, that she had attended a social event, and was less anxious about attending group sessions. R. 50. Treatment notes in September, 2016, reported that plaintiff had decreased anxiety in attending social events, and that she was doing better with medication. R. 50. Counseling notes in December, 2016, documented an increase in anxiety due to an illness in the family. However, records from January, 2017, showed that medication was helpful, and that plaintiff was able to go out with only minor anxiety. In February, 2017, plaintiff reported that she enjoyed shopping with a friend one day, and that she had been going out and socializing without symptoms interfering. R. 50. Plaintiff reported: increased social

7

activities in May, 2017, including going on outings with her group; going shopping, attending group sessions, and socializing with friends once a month in July, 2017; attending group sessions and socializing at least monthly with a person she met in group in August, 2017; and doing well on medication in September, 2017. R. 50.

The ALJ concluded:

> Regarding the claimant's anxiety disorder, the treatment record does not support the alleged level of dysfunction. While the claimant has undergone medication management and counseling, both in an individual and group setting, for her anxiety symptoms, the claimant's mental status examinations throughout the period at issue have almost been uniformly unremarkable. While treatment records note occasional inconsistent compliance with taking medications as prescribed due to reported tiredness, which was addressed through dosage titration, there is no evidence in the record of anything other than conservative interventions for the claimant's symptomology. There is no indication that the claimant has ever required in-patient hospitalization or emergency interventions for mental health related concerns. Rather, as the claimant has become more involved in her treatment regimen, she has continued to see steady improvement such that she has been able to go out regularly, interact with family and friends, and had no problems or issues with the exception of anxiety regarding her pending hearing [for social security benefits] (Exhibit 12F, page 1). Therefore, the undersigned has found the claimant capable of: simple, repetitive tasks; is able to respond appropriately to coworkers and supervisors; in a task oriented setting with no public contact, and occasional contact with coworkers; and is able to adapt to simple changes and avoid hazards, in a setting without strict production quotas.

R. 51-52. The court concludes that the ALJ provided substantial support for the weight given to the expert opinions and sufficient reasons for not incorporating all of the proposed functional limitations in plaintiff's RFC.

8

Plaintiff argues that because all of the experts opined that plaintiff would benefit from a separate work area and additional supervision, the ALJ should have included these restrictions in plaintiff's RFC.  The fact that more than one expert expresses the same opinion does not mean that the ALJ must accept that opinion if it conflicts with the objective evidence in the record.  The ALJ must consider not only the opinions of experts, but the record as a whole.  As the magistrate judge noted, the ALJ specifically considered these limitations and adequately explained why he concluded that they had no evidentiary support in the record.  The ALJ's decision in that regard is supported by substantial evidence.

Plaintiff also argues that the ALJ did not consider all of the evidence, but rather "cherry-picked" the record.  The ALJ need not discuss every piece of evidence in the record for his decision to stand.  *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004).  An ALJ's failure to cite specific evidence does not indicate that it was not considered.  *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).  In any event, the ALJ did not engage in a one-sided discussion of the record.  Rather, his summary of plaintiff's treatment records includes references to reports of plaintiff's progress as well as her complaints of anxiety and other problems.  Further, as the Sixth Circuit has noted, an allegation of "cherry picking" is "seldom successful because crediting it would require a court to re-weigh record evidence."  *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014).  It is the ALJ who is responsible for reviewing the evidence and making administrative findings of fact and conclusions of law.  20 C.F.R. §404.1513a(b).

The court concludes that the ALJ's explanation of the weight he assigned to the expert opinions and why he included some proposed restrictions in the RFC but not others was sufficient to permit judicial review. The ALJ's reasoning and his RFC determination are supported by substantial evidence. Plaintiff's objections are not well taken.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ gave good reasons, supported by substantial evidence, for the weight he assigned to the expert opinions and for his formulation of plaintiff's RFC. The RFC determination and the Commissioner's non-disability finding are supported by substantial evidence. The court overrules the plaintiff's objections (Doc. 18), and adopts and affirms the magistrate judge's report and recommendation (Doc. 17). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: March 19, 2020          s/James L. Graham
James L. Graham
United States District Judge